UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE D. DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CA PUBLIC EMPLOYEE RETIREMENT SYSTEM BOARD OF ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 2:20-cv-01543-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) DEFENDANT'S MOTION FOR RELIEF BE GRANTED AS TO THE CLERK'S ENTRY OF DEFAULT, AND DENIED IN ALL OTHER ASPECTS<br><br>ECF No. 24<br><br>(2) THE CLERK'S ENTRY OF DEFAULT BE SET ASIDE<br><br>ECF No. 18<br><br>(3) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>ECF No. 23<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff proceeds pro se in this action against defendant. She alleges that she worked as an employee of the State of California, that she paid a portion of her earnings into the state retirement system managed by defendant, and that defendant deprived her of the full amount of retirement funds to which she was entitled upon her retirement. *See* ECF No. 1 at 6-7. She alleges that defendant violated the 14th Amendment, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). *Id.* at 12.

1

Plaintiff requested entry of defendant's default four times. ECF Nos. 6, 9, 12, 15. The clerk denied her first three requests due to insufficient proof of service but entered default upon the fourth request. *See* ECF Nos. 7, 10, 13, 18. Plaintiff then moved for default judgment in the amount of $466,451.07, plus court costs.[1] ECF No. 23. In response, defendant moved to set aside its default, arguing that it was never properly served with a copy of the summons and complaint and that it has meritorious defenses to plaintiff's allegations.[2] *See* ECF No. 24.

I now recommend that the clerk's entry of default, ECF No. 18, be set aside and that plaintiff's motion for default judgment, ECF No. 23, be denied.

**I.   DISCUSSION**

Under Rule 55(a), the court must enter default against a party who has "failed to plead or otherwise defend." The court also has the power to set aside the entry of default "for good cause." Fed. R. Civ. P. 55(c). "Entry of default must be set aside if the defendant was not served properly." *Hale v. Evidencia Display*, 2015 WL 4624881, at *2 (C.D. Cal. Aug. 3, 2015). Under Federal Rule of Civil Procedure 4(j)(2), a state-created governmental organization must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under California law, substitute service may be effected by leaving a copy of the summons and compliant at the person's usual place of business with "a person apparently in charge of his or her office thereof, and by thereafter mailing a copy of the

---

[1] Plaintiff previously asked the clerk to enter default judgment for a sum certain. ECF No. 20. I denied the request and ordered plaintiff to file and notice a motion for default judgment if she intended to seek such. ECF No. 21.

[2] In violation of Local Rule 230(c), plaintiff has not responded directly to defendant's arguments. Instead, she has filed an objection to magistrate judge jurisdiction and a notice that argues that defendant is being represented improperly by the California Attorney General's Office. *See* ECF Nos. 28, 30. In her objection to magistrate judge jurisdiction, she argues that 28 U.S.C. § 636(c)(1) requires her consent prior to jurisdiction vesting in a magistrate judge. ECF No. 30 at 1-2.

Plaintiff misunderstands the law. Her consent would be required before I could issue orders that are *dispositive* to a claim or defense. *See Williams v. King*, 875 F.3d 500, 501-04 (9th Cir. 2017). However, my prior order have resolved only non-dispositive motions and requests. As to the dispositive issues now before the court, I submit my findings and recommendations to the assigned District Judge, in keeping with 28 U.S.C. §636(c)(1).

summons and compliant . . . to the person to be served at the place where a copy of the summons and compliant were left . . ." Cal. Civ. Proc. Code § 415.20(b).

Plaintiff has not established proper service on defendant. Her first three proofs of service reflect that she mailed defendant a copy of the summons and complaint on August 10, 2020, but do not indicate that personal service was attempted. *See* ECF Nos. 4, 8, 11. The fourth proof of service includes a checked box for "personal service," but the attached declaration states that service was completed on August 10, 2020, via certified mail—unambiguously the same mailing referenced in plaintiff's prior proofs of service. ECF No. 14 at 2, 4. Mailing the summons and complaint, whether by certified mail or not, does not pass muster.

Because plaintiff has not established proper service, I recommend that the clerk's entry of default, ECF No. 18, be set aside. I also recommend that plaintiff's motion for default judgment, ECF No. 23, be denied.[3]  *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing that Rule 55 requires the entry of default before default judgment may be entered).

## II. FINDINGS AND RECOMMENDATIONS

I hereby RECOMMEND that:

1. defendant's motion, ECF No. 24, be granted as to the request set aside the clerk's entry of default, but denied in all other respects;

2. plaintiff's motion for default judgment, ECF No. 23, be denied;

3. the Clerk of Court be directed to set aside defendant's default, ECF No. 18.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be

---

[3] Defendant has also raised the issue of plaintiff's previous litigation against defendant regarding these same facts, albeit asserting separate violations. *See* ECF No. 24 at 7-10. At defendant's request, I take judicial notice of the court records from these cases. *See* ECF No. 24-1 at 1-85. Defendant asks that plaintiff be sanctioned for her "vexatious, malicious and frivolous litigation conduct." ECF No. 24 at 11. Defendant's request for sanctions would be more appropriately raised in a separate motion that addresses the merits of plaintiff's claims. At this time, I deny the request for sanctions without prejudice.

captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE