UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE D. DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CA PUBLIC EMPLOYEE RETIREMENT SYSTEM BOARD OF ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 2:20-cv-01543-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE CASE BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff proceeds pro se in this action against defendant, the California Public Employee Retirement Board of Administration ("CalPERS"). Plaintiff alleges that defendant violated the 14th Amendment, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). ECF No. 1 at 12. I recommend that the case be dismissed for lack of subject matter jurisdiction.

**I.　DISCUSSION**

A federal court may adjudicate only those cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively. To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal question jurisdiction requires that the complaint (1) arise under a

federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably lies outside the jurisdiction of the federal courts unless plaintiff demonstrates otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction is never waived and may be raised by a court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

### a. Federal Question Jurisdiction

Plaintiff claims that defendant violated her federal rights under the ADA, ADEA, and Fourteenth Amendment. But the Eleventh Amendment bars suits seeking money damages from states.[1] *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that the Eleventh Amendment bars suits for money damages against states under the ADA); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 82 (2000) (holding the same under the ADEA); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that states, as well as state officials acting in their official capacities, are not "persons" under 42 U.S.C. § 1983). Eleventh Amendment immunity is a jurisdictional bar, and the court must consider the issue *sua sponte*. *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987) ("Like a jurisdictional bar and unlike a traditional immunity, however, the effect of the Eleventh Amendment must be considered *sua sponte* by federal courts. Because the operation of the Eleventh Amendment has aspects of both an immunity and a jurisdictional bar, we apply the terms interchangeably.") (international citations omitted).

Eleventh Amendment immunity applies to a state-created entity when it "is an arm of the state." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). In determining whether an entity meets this test, the Ninth Circuit considers five factors: "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether

---

[1] Plaintiff does not mention 42 U.S.C. § 1983, but I construe plaintiff's complaint liberally and presume that she intended to enforce her 14th Amendment rights through § 1983.

1   the entity has the power to take property in its own name or only the name of the state, and [5] the
2   corporate status of the entity." *Id.*  Of these factors, the financial impact of a money judgment
3   generally bears the greatest weight.  *See Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48
4   (1994) ("Courts of Appeals have recognized the vulnerability of the State's purse as the most
5   salient factor in Eleventh Amendment determinations.").

6        As to the first and most salient factor, the State of California has a contractual obligation
7   to provide for state employees' vested pension benefits, and it must cover any shortfall in
8   defendant's funding.  *See Westly v. Bd. of Admin.*, 105 Cal. App. 4th 1095, 1116 (Cal. Ct. App.
9   2003) ("[I]f the CalPERS fund is insufficient to pay the benefits owed to state employees, the
10  state is obligated to pay the money to pensioners from other sources."); *Bd. of Admin. v. Wilson*,
11  52 Cal. App. 4th 1109, 1118 (Cal. Ct. App. 1997) (holding the State of California has a
12  contractual obligation to provide for employees' vested pension benefits).  And the state's
13  contributions to defendant's funds are drawn from California's treasury funds.  Cal. Gov't Code
14  §§ 20822, 20824.  Therefore, a money judgment in favor of plaintiff could require satisfaction out
15  of state funds.  *See California Pub. Emps. Ret. Sys. v. Moody's Corp.*, No. C 09-03628 SI, 2009
16  WL 3809816, at *4 (N.D. Cal. Nov. 10, 2009) (engaging in a detailed analysis of defendant's
17  financial structure and concluding that "this factor weight slightly in favor of construing CalPERS
18  to be an arm of the state").

19       As to the second factor, defendant's purpose "is to effect economy and efficiency in the
20  public service by providing a means whereby employees who become superannuated or otherwise
21  incapacitated may, without hardship or prejudice, be replaced by more capable employees, and to
22  that end provide a retirement system consisting of retirement compensation and death benefits."
23  Cal. Gov't Code § 20001.  Accordingly, defendant's purpose serves a central governmental
24  function.  *See Moody's*, 2009 WL 3809816, at *5 (holding the same).

25       The third and fourth factors counsel in favor of finding that defendant is not an arm of the
26  state.  Defendant can sue and be sued in its own name, but the Ninth Circuit has held that many
27  such entities remain arms of the state.  *See, e.g.*, *Belanger v. Madera Unified School Dist.*, 963
28  F.2d 248, 254 (9th Cir. 1992).  Additionally, defendant can take property in its own name and

1  choose its own investments. *See* Cal. Gov't Code § 20191. On the other hand, defendant was
2  created by, and is governed according to, the California State Constitution and California
3  Government Code. Cal. Const. art. XVI, § 17; Cal. Gov't Code §§ 20000, *et seq.* It is a unit of
4  the Government Operations Agency. Cal. Gov't Code § 20002. The fifth factor thus supports a
5  finding that defendant is an arm of the state.

6  Considering the factors identified in *Mitchell*, CalPERS is an arm of the state and the
7  Eleventh Amendment bars the court's jurisdiction. *See Moody's*, 2009 WL 3809816, at *5
8  (holding that defendant is an arm of the state).

### b. Diversity Jurisdiction

Plaintiff claims diversity jurisdiction based on her Nevada residency and because she is suing a California state entity. *See* ECF No. 1 at 4. While "a State is not a 'citizen' for purposes of diversity jurisdiction . . . a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) (internal citation and quotation omitted); *see also Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("[N]either a state nor a state agency [can] be a party to a diversity action."). Given the mirror standards, if a public entity is entitled to Eleventh Amendment immunity, then it is not a citizen for diversity jurisdiction purposes. *See, e.g.*, *Univ. of R.I. v. A.W. Chesterton Co.*, 2 F.3d 1200, 1203 (1st Cir. 1993) (noting that "whether an entity is a citizen of the State for diversity purposes, or a State for Eleventh Amendment . . . purposes . . . present[s] the same ultimate question for decision"); *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260-61 (4th Cir. 2005) (holding that Eleventh Amendment immunity test is applicable to diversity jurisdiction analysis); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (holding the same); *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983) (describing the analyses as "virtually identical"). Accordingly, for the reasons discussed above, plaintiff cannot establish diversity jurisdiction in her suit against defendant.

### II.  FINDINGS AND RECOMMENDATIONS

Because I find that defendant is an arm of the State of California, there is no set of facts

4

that plaintiff could plead that would establish diversity jurisdiction or overcome Eleventh Amendment immunity. Leave to amend would be futile.

I hereby recommend that

1. plaintiff's complaint, ECF No. 1, be dismissed with prejudice, and

2. the clerk be directed to close this case.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 30 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 14, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5